UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RONALD DEVON SMITH, JR.,

    Petitioner,

v.                          Civil Action No. 2:12cv578

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ronald Devon Smith, Jr., proceeding pro se, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Rule 72(b) of the Federal Rules of Civil Procedure.

### I. STATEMENT OF THE CASE

On February 4, 2008, the Circuit Court of the City of Virginia Beach, convicted petitioner Ronald Devon Smith, Jr., ("Smith") of threatening to burn or bomb in violation of Virginia Code §§ 18.2-83; 18.2-10. Smith was sentenced on March 31, 2008 to four (4) years in prison with all but one (1) year and six (6) months suspended. (Case No. CR07-5625). The Virginia Court of Appeals denied Smith's appeal of the judgment

1

(Record No. 0837-08-1). Smith also appealed to the Supreme Court of Virginia, which first refused his petition for appeal and then denied his petition for rehearing. (Record No. 090500). While his petition for rehearing was pending, Smith filed a timely state habeas petition alleging multiple claims of ineffective assistance of counsel. The Supreme Court of Virginia dismissed the habeas petition on its merits on April 7, 2010. (Record No. 090833). Smith was released from incarceration on September 1, 2010, (Order, Case No. CR07-5625), and is currently under supervised probation. (ECF No. 7)[1].

Smith filed this federal habeas petition on October 23, 2012. (ECF No. 1). Smith has apparently incorporated his state habeas into his federal petition. (ECF No. 1-1). Thus, the claims he alleged are identical to those dismissed on the merits by the Supreme Court of Virginia. Smith claims he was denied effective assistance of counsel on six grounds: (1) counsel's failure to discuss trial strategy and potential witnesses; (2) counsel's never having signed the court appointment documents; (3) counsel's failure to impeach one witness with contradictory testimony offered by another witness; (4) counsel's failure to object, on the basis of hearsay, to witness testimony pertaining

---

[1] Though Smith was released on September 1, 2010, he has standing to bring this challenge. Smith is challenging his initial conviction. (ECF No. 1). The presumption of significant collateral consequences of a wrongful conviction permits an individual who has been released from incarceration to challenge a state conviction. See Spencer v. Kemna, 523 U.S. 1, 8 (1997); Sibron v. New York, 392 U.S. 40, 55-56 (1968).

2

to statements made by Smith; (5) counsel's failure to object to witnesses testimony regarding statements made by Smith; and (6) counsel's failure to object to statements that Smith made to police, which were not included in the Commonwealth's response to counsel's discovery motion. (ECF No. 1-1).

Respondent filed a motion to dismiss on November 16, 2012 (ECF No. 5). In response, Smith requested additional time to file a response to Respondent's motion (ECF No. 9). This Court granted Smith's request to extend his time to file a response to January 14, 2013, (ECF No. 10), but Smith filed no response.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Smith's petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitation period for persons in custody, pursuant to a state judgment, to petition federal courts for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1) (2006). Smith failed to file this petition within the one-year filing period.

The pendency of both Smith's appeal of his conviction and Smith's state habeas petition tolled the start date of the one-year federal filing period. A properly filed pending state post-conviction relief or collateral review petition tolls the federal filing period during the time it is pending in state court. 28 U.S.C. §2244(d)(2). "An application is 'properly filed' when its delivery and acceptance are in compliance with

the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Smith filed a timely appeal of his conviction, which was denied by the Virginia Court of Appeals. (ECF No. 1). Smith then appealed to the Supreme Court of Virginia which first refused his appeal and then denied a request for rehearing. While the decision regarding Smith's motion for a rehearing was pending, Smith filed his petition for a writ of habeas corpus in the Virginia Supreme Court. That petition was denied on April 7, 2010. (ECF No. 1). Because Smith's petitions overlapped his appeal, the federal filing period remained tolled for the entire pendency of his state habeas petition. 28 U.S.C. § 2244(d)(2)(2006). The federal filing period began to run on April 8, 2010, the day after the dismissal of Smith's state habeas petition. Fed. R. Civ. P. 6(a)(1); Hernandez v. Caldwell, 255 F.3d 345, 439 (4th Cir. 2000). Accordingly, Smith had one year from that date to file his federal habeas petition. § 2244(d)(1).

Absent a pending application for state collateral review or post-conviction relief, a court must dismiss a petition filed one-year after the date on which (1) the judgment became final; (2) any state-created impediment to filing a petition was removed; (3) the United States Supreme Court recognized a new constitutional right that retroactively applies; or (4) the factual predicate of the claim could have been discovered with

due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D) (2006). A petition filed after the one-year period is time-barred by § 2244(d)(1) unless the petitioner establishes that the statute of limitations should be tolled.

Smith did not assert any circumstances warranting an extension of the filing period, and none of the circumstances extending the accrual date apply to Smith's claims. He has not claimed a violation of a newly recognized constitutional right. § 2244(d)(1)(C). In addition, Smith has not alleged that state conduct prohibited the filing of a timely petition. § 2244(d)(1)(B). Finally, the factual predicate for Smith's claim was available to him through an exercise of due diligence. § 2244(d)(1)(D). In fact, in his state petition for a writ of habeas corpus, which he incorporated into his federal petition, Smith states that he was aware of "[his] trial counsel's incompetency/ineffectiveness." (ECF No. 1-1). As a result, April 8, 2010, the date of the dismissal of Smith's petition for state habeas relief marks the date the federal filing limitations period began. Smith's federal filing on October 23, 2012 arrived more than 18 months after the limitations period expired.

In addition to the statutory exceptions, § 2244 permits equitable tolling "in those 'rare instances where-due to circumstances external to the party's own conduct-it would be

unconscionable to enforce the limitation period against the party and a gross injustice would result.'" Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). The time to file a petition may be tolled if the petitioner can show: (1) he pursued his rights with diligence and (2) some extraordinary circumstance, beyond his control, prevented his timely filing of his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Smith has not shown that he diligently pursued his rights nor has he presented any extraordinary circumstances that prevented timely filing.

Smith did not diligently pursue his rights. While this does not require an exhaustion of all possible means, a showing of reasonable diligence is required. See Holland, 130 S. Ct. at 2565. Smith filed his petition for a writ of habeas corpus on October 23, 2012, more than one year after the federal filing period expired. Smith has not alleged any facts suggesting he diligently pursued his rights during this time period. (See ECF No. 1). On the contrary, Smith has not brought any claims not already heard by the Virginia Supreme Court in 2010. (ECF No. 1-1). Smith was aware of the facts underlying his claim of ineffective assistance of counsel within the statutory period and he made no showing of a diligent pursuit of his rights.

Smith asserts that he was prevented from filing a timely petition because he was hospitalized for treatment, placed on disability, medicated, and lacked the aid of counsel. (ECF No. 1). A petitioner's health or medical status, absent a showing of 'incompeten[ce] for a substantial part" of the filing period, does not rise to the level of extraordinary circumstances warranting equitable tolling. Rouse v. Lee, 339 F.3d 238, 248 & n.10 (4th Cir. 2003) (en banc) (holding that Petitioner is not entitled to equitable tolling due to a medical condition when he failed to provide a reason why his medical condition barred him from filing a timely petition). Outside of the allegations made in his initial petition, Smith has not demonstrated that any event or medical treatment inhibited his ability to file a timely petition. Smith failed to supplement his initial allegations with additional information demonstrating that these events were "extraordinary circumstances [that] stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2565 (citation omitted) (internal quotation marks omitted). The circumstances alleged by Smith do not rise to the level of extraordinary circumstances warranting equitable tolling.

Smith has not demonstrated any facts requiring an extension of the one-year filing period. The final day to file this petition was April 8, 2011. Smith did not file this petition until October 23, 2012, more than a year and a half after

expiration of the filing period. Smith's petition is therefore time-barred.

## III. RECOMMENDATION

Because Smith failed to file his federal habeas petition within the one-year time limitation and he has not alleged any facts warranting statutory or equitable tolling, his petition is time-barred. The undersigned recommends that Respondent's Motion be GRANTED, and the petition be DISMISSED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

3. The parties are further notified that failure to file timely objections to the findings and recommendations set forth

above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 26, 2013

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Ronald Devon Smith, Jr.
1808 Greyfriars Chase
Virginia Beach, VA  23456

Leah Ann Darron
Office of the Attorney General
900 E Main Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

__March 27__, 2013